UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
NOV 2 3 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-198-KSF

CARL WEST  PLAINTIFF

VS:  **MEMORANDUM OPINION AND ORDER**

CPL. REYNOLDS, ET AL.  DEFENDANTS

Carl West, the *pro se* plaintiff, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [Record No. 1]. When he filed this action, the plaintiff was confined in the Fayette County Detention Center ("FCDC") in Lexington, Kentucky.[1] He has also filed a motion to proceed *in forma pauperis* [Record No. 2], which will be addressed by a separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords

---

[1] The plaintiff has not advised the Court of a new address since he filed this action.

a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff filed a complaint on a preprinted form used by inmates filing §1983 claims. The plaintiff claims that when he was taken into custody at the FCDC on March 29, 2005, Cpl. (presumably, "Corporal") Reynolds and Cpl. Ballinger used excessive force on him, in violation of the Eighth Amendment of the United States Constitution. He alleges that Reynolds and Ballinger choked him, drugged him, and used such excessive force on him in applying handcuffs to him, with his hand behind his back, they caused his right elbow to snap. He alleges that when he was taken to the University of Kentucky Hospital, he had to undergo surgery in which a screw had to be inserted in his elbow.

It appears that the plaintiff further alleges that upon return to the FCDC, he was denied pain medication and possibly physical therapy services. The plaintiff's claim of deliberate indifference to a serious medical need would also fall under the Eighth Amendment of the United States Constitution. He alleges several times in his submissions that he filed numerous grievances, all of which he claims FCDC staff ignored. He claims that he obtained a law book and, through that source, he learned of his right to file a complaint in this court.

## NAMED DEFENDANTS

The named defendants are: (1) Corporal Reynolds, Officer at the FCDC; (2) Corporal Ballinger, Officer at the FCDC; and (3) Nurse Johnson, nurse at the FCDC.

## RELIEF REQUESTED

The plaintiff states only that he wants "to bring this matter to justice." [Complaint, §V]

2

## DISCUSSION
### 1. Exhaustion

The Court will first examine whether the plaintiff has complied with the administrative exhaustion requirement set forth in the Prison Litigation Reform Act ("PLRA"). Since April 26, 1996, the effective date of the PLRA, 42 U.S.C. §1997e(a) has read as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Court of Appeals for the Sixth Circuit has held that the language means what it says, expressly requiring exhaustion of administrative remedies before the bringing of new actions. *Wright v. Morris*, 111 F.3d 414 (6th Cir.), *cert. denied*, 118 S. Ct. 263 (1997). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies *prior* to filing the lawsuit. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 119 S. Ct. 88 (1998).

The plaintiff alleges in the "Form Regarding Exhaustion of Administrative Remedies" [Record No. 6] that he presented his grievances to "Inmate Services" and received no response. He also stated in his complaint that he filed a grievance, describing his grievance as follows:

> "I filed grievance and 3 criminal complaints on the 2 officers and nurse for assault on inmate, and no medical attention. The result was N.A."

[Complaint, §II (A)(3)]

The Court concludes that the plaintiff has adequately described his efforts to administratively exhaust his Eighth Amendment claims. Having established that fact, however, the complaint suffers from another fatal deficiency which requires dismissal.

### 2. Failure to State Relief Sought

Plaintiff requests in his complaint no specific legal or equitable relief from this Court, stating

3

instead only a request that this Court "bring this matter to justice." However, Fed.R.Civ.P. 8(a)(3) requires that a complaint contain "a demand for judgment for *the relief the pleader seeks* ." *Id.* (emphasis added). This Court finds the absence of any specific or particular relief in the plaintiff's complaint to be problematic, because the complaint fails, in any manner, to put the named defendants on notice of the claim or claims being asserted against them, which is a basic requirement of any civil suit, even one undertaken by a *pro se* litigant. *Engle v. United States*, 736 F. Supp. 670, 671 (D. Md. 1989) (*pro se* litigant must put defendant on notice of claims being asserted and essential bases therefor).

While this Court recognizes and adheres to the rule discussed previously herein that *pro se* litigants are to be held to less stringent standards than trained lawyers, and that a *pro se* complaint is to be given generous construction, *Haines v. Kerner, supra*, this Court also recognizes that "the principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S. Ct. 1475 89 L. Ed.2d 729 (1986). In discussing the most basic requirement of *pro se* complaints, the *Beaudett* court opined as follows:

> *Gordon* [*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978)] directs district courts to construe *pro se* complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District Judges are not mind readers.

*Beaudett*, at 1278.

In *Gill v. Tillman*, 2001 WL 395051 (S.D. Ala. 2001), the *pro se* plaintiff's requested relief in his complaint was "Relief to be determined as the case proceeds." The district court ruled that this relief failed to constitute a demand for judgment in compliance with Fed.R.Civ.P. 8(a)(3) and that, consequently, the plaintiff's complaint failed to state a claim upon which relief can be granted. The *Tillman* court placed reliance on *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993), which

4

stated as follows in finding the plaintiff's central complaint was deficient and not in compliance with Rule 8(a)(3)'s requirement that the complaint contain a demand for judgment:

> ("[Rule 8(a)(3)'s] requirement is not arduous -- any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." (quoting 5 Charles A. Wright & Arthur Miller, Federal Practice §1255 at 366 (2d ed. 1990))).

*Id.* at 1161.

This Court finds other significant authority for the proposition that the complaint fails to state a claim upon which relief can be granted, due to Plaintiff's failure to demand judgment for relief he seeks. *See Thompson v. A. J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998, **1 (6th Cir.(Ohio)) (Unpublished Decision) ("Even under the most liberal construction, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), the complaint does not state a federal cause of action or claim for relief. Neither this court nor the district court is required to create Thompson's claims for him. *Beaudett v. City of Hampton* (cite omitted). To do so would "requir[e the] courts to explore exhaustively all potential claims of a pro se plaintiff .... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."); *Player v. Phoenix*, 1992 WL 350780 at *1 (S. D. N. Y. Nov. 13, 1992) (unpublished) (action dismissed *sua sponte* for failure to state claim due to the lack of demand for judgment in the amended complaint); and *Dupree v. Lubbock County Jail*, 805 F. Supp. 20, 21 (N.D. Tex. 1992) (action dismissed *sua sponte* for failure to state a claim because no demand for judgment set forth in complaint).

Accordingly, the Court determines that the plaintiff's complaint fails to state a claim upon which relief can be granted. The complaint will be dismissed without prejudice under 28 U.S.C. §1915(e).

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This 23rd day of November, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE